UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANICE WILLIAMS                                    CIVIL ACTION

VERSUS                                             NO. 16-11650

MMO BEHAVIORAL HEALTH SYSTEMS, L.L.C.              Section: "J" (4)

## LEGAL INSTRUCTIONS READ TO THE JURY

*****************************************************************

**MEMBERS OF THE JURY:**

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you, the jury, are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.  You must answer all questions under a preponderance of the evidence standard.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining

2

whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

3

## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the facts that have been established by the testimony and evidence in this case.  The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial

4

## CREDIBILITY OF WITNESSES

In deciding this case, you are expected to use your good sense.  Give the evidence and the testimony of each witness a reasonable and fair interpretation in light of your own knowledge of the natural tendencies of human beings.

Now, I've said that you must consider all of the evidence in the case.  This does not mean, however, that you must accept all of the evidence as true or accurate.  As jurors, you are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness you should consider his relationship to a party; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness, and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

5

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

6

## ADMISSIBILITY OF EVIDENCE

At various points throughout the trial, I have been called upon to pass judgment on the admissibility of evidence. Whether evidence is admissible is purely a question of law for me to decide and with which you have no concern. You are not to draw any inference as to what weight should be given to the evidence or as to the credibility of the witness from my ruling on these questions. In admitting evidence to which an objection is made, I do not determine what weight should be given it; that is a matter for you to determine as jurors. As to any evidence rejected by me, you, of course, must not consider it at all. Likewise, as to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection or for my ruling.

7

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

In this case, Plaintiff has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

Do not let bias, prejudice, or sympathy play any part in your deliberations.

8

## CLAIMS IN THIS CASE

Ladies and gentlemen, the Plaintiff in this case, Janice Williams, has asserted claims against the Defendant, MMO Behavioral Health Systems, LLC, for discrimination and defamatory statements made following her termination from her position as a cook.

The Plaintiff first claims that the Defendant is liable under the Americans with Disabilities Act of 1990 (the "ADA"), because Plaintiff has an actual disability and she was terminated because of that disability. Plaintiff specifically claims that she had severe pain in her feet or had arthritis. Plaintiff also claims that the Defendant is liable under the ADA because Defendant discriminated against Plaintiff because Plaintiff had a record of a disability or because Defendant regarded Plaintiff as having an impairment.

The Plaintiff next claims that Defendant is liable under the Age Discrimination in Employment Act (the "ADEA") because Plaintiff, who was 40 years or older when her employment was terminated, would not have been terminated from employment but for her age.

Finally, the Plaintiff claims that Defendant is liable under the Louisiana law of defamation because Defendant's representative or representatives made defamatory

9

statements to the Louisiana Workforce Commission and others when Defendant claimed that Plaintiff falsified her time card and hours that she worked.

I will now instruct you concerning the law applicable to the Plaintiff's claims.

10

## ADA AND ADEA—REQUIREMENT THAT DEFENDANT WAS

## PLAINTIFF'S EMPLOYER

Plaintiff claims that Defendant was her employer. Defendant denies Plaintiff's claim and claims that Greenbrier Hospital, LLC, and not Defendant, was Plaintiff's employer. In order for Plaintiff to recover under the ADA and/or under the ADEA, you must decide whether Defendant was Plaintiff's employer at the time of her termination.

For Defendant to have been an employer, at the time of Plaintiff's termination, under the ADA, Defendant must have been engaged in an industry affecting commerce and must have had 15 or more employees for each working day in each of 20 or more calendar weeks in 2015 or 2014. Under the ADEA, Defendant must have been engaged in an industry affecting commerce and must have had 15 or more employees for each working day in each of 20 or more calendar weeks in 2015 or 2014. Plaintiff and Defendant agree that in 2015, each of Defendant and Greenbrier Hospital, LLC had 15 or more employees for each working day in each of 20 or more calendar weeks in 2015 or 2014. Plaintiff and Defendant also agree that at the time of Plaintiff's termination, Greenbrier Hospital, LLC was in an industry affecting commerce.

Whether Defendant was Plaintiff's employer is determined by considering (a) economic realities and (b) control. In considering whether, as a matter of economic realities, Defendant was Plaintiff's employer, you should consider whether Defendant paid Plaintiff's salary, withheld taxes, provided benefits, set the terms and conditions

11

of employment, or took other actions showing that Defendant acted in fact as Plaintiff's employer.  More importantly, you should consider whether Defendant exercised the control of an employer over Plaintiff.  In so considering, you should consider whether Defendant had the right to hire and fire Plaintiff, had the right to supervise Plaintiff, had the right to set Plaintiff's work schedule, or acted in any other way to exercise control over Plaintiff as her employer.

In considering whether Defendant exercised control over Plaintiff as her employer, you should consider whether Defendant and Greenbrier Hospital, LLC, together, were a "single employer" of Plaintiff.  In determining whether Defendant and Greenbrier Hospital, LLC were a "single employer," the central question is whether Defendant was a final decision-maker in connection with the decision to terminate Plaintiff's employment.   In answering that question, you should consider any interrelation of operations, centralized control of labor or employment decisions, common management, and common ownership or financial control between Defendant and Greenbrier Hospital, LLC.   Evidence of centralized labor and employment decisions may include Defendant's control of hiring, firing, promoting, paying, transferring, or supervising employees of Greenbrier Hospital, LLC.  There is a strong presumption that a parent corporation such as Defendant is not the employer of employees of a subsidiary like Greenbrier Hospital, LLC.  As I told you earlier, Plaintiff

12

and Defendant agree that, at the time of Plaintiff's termination, Defendant and Greenbrier Hospital, LLC had the same owners.

13

## ADA DISCRIMINATION—ACTUAL DISABILITY

Plaintiff Janice Williams claims that Defendant MMO Behavioral Health Systems, LLC discriminated against her because she had a disability by terminating her employment. Defendant denies Plaintiff's claims and contends that she was terminated because of misconduct at work.

It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include termination of a qualified individual with a disability.

To succeed in proving discrimination based on actual disability, Plaintiff must prove each of the following by a preponderance of the evidence:

1. Defendant was Plaintiff's employer;

2. Plaintiff had severe pain in her feet or had arthritis;

3. Such severe foot pain or arthritis substantially affected a major bodily function or substantially limited her ability to perform a major life activity such as caring for herself, performing manual tasks, sleeping, walking, standing, breathing, sitting, reaching, lifting, bending, working, or concentrating;

4. Defendant knew that Plaintiff had severe foot pain or arthritis;

5. Defendant terminated Plaintiff's employment;

6. Plaintiff was a qualified individual who could have performed the essential functions of a cook when Defendant terminated her; and

14

7. Defendant terminated Plaintiff's employment because of her severe foot pain or her arthritis. Plaintiff does not have to prove that her severe foot pain or her arthritis was the only reason Defendant terminated Plaintiff's employment.

If Plaintiff has failed to prove any of these elements, then your verdict must be for Defendant on Plaintiff's ADA claim based on actual disability.

A "disability" is a physical impairment that substantially limits one or more major bodily functions or one or more major life activities. In determining whether Plaintiff's severe foot pain or her arthritis substantially limited her major bodily function or functions or her major life activity or activities, you should compare her ability to perform the function or activity with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment.

In determining whether an impairment substantially limits a major bodily function or a major life activity, you must consider the impairment without regard to the effects of such measures as medication, therapies, or surgery. In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

15

## ADA DISCRIMINATION—RECORD OF IMPAIRMENT OR REGARDED AS HAVING AN IMPAIRMENT

Plaintiff Janice Williams claims that Defendant MMO Behavioral Health Systems, LLC discriminated against her because she had a record of a disability or because Defendant regarded her as having an impairment. Defendant denies Plaintiff's claims and contends that she was terminated because of workplace misconduct.

Plaintiff claims that she could have performed the essential functions of a cook when Defendant terminated Plaintiff's employment.

It is unlawful to terminate the employment of a qualified individual who has a record of a disability because the qualified individual has a record of a disability. It is also unlawful to terminate the employment of a qualified individual who is regarded as having an impairment because the qualified individual is regarded as having an impairment.

To succeed in proving discrimination based on a record of disability or being regarded as having an impairment, Plaintiff must prove the following by a preponderance of the evidence:

1. Defendant was Plaintiff's employer;

2. Plaintiff could have performed the essential functions of a cook when Defendant terminated her employment;

16

3. Plaintiff had a record of a physical impairment that substantially limited one or more major bodily functions or major life activities, or Plaintiff was regarded as having a physical impairment;

4. Defendant knew that Plaintiff had a record of a disability, or Defendant regarded Plaintiff as having an impairment;

5. Defendant terminated Plaintiff's employment; and

6. Defendant terminated Plaintiff's employment because she had a record of having severe foot pain or having arthritis, or because she was regarded as having severe foot pain or having arthritis.

If Plaintiff has failed to prove any of these elements, then your verdict must be for Defendant on Plaintiff's ADA claim based on record of disability or being regarded as having an impairment.

An individual has a record of having a disability if she has a history of or has been classified as having an impairment that substantially limits one or more major bodily functions or one or more major life activities.

An individual is regarded as having an impairment if the individual establishes that she has been subjected to discrimination because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major bodily function or a major life activity.

17

## ADA DISCRIMINATION—DAMAGES

If you found that Defendant MMO Behavioral Health Systems, LLC violated the ADA, then you must determine whether it has caused Plaintiff Janice Williams damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff would have earned in her employment with Defendant if she had not been terminated from employment, from the date of her termination on July 29, 2015 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff received from any employment during that time; and (2) the amount of other damages sustained by Plaintiff, including inconvenience, humiliation, embarrassment, mental anguish, emotional distress, and loss of enjoyment of life.

Back pay includes the amounts that the evidence shows Plaintiff would have earned had she remained an employee of Defendant.  These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to

18

retirement. You must subtract the amounts of earnings and benefits Defendant proves by a preponderance of the evidence that Plaintiff received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff proves by a preponderance of the evidence that: (1) the individual or individuals who engaged in the discriminatory act or practice was/were acting in a managerial capacity; (2) the individual(s) engaged in the discriminatory act or practice while acting in the scope of their employment; and (3) they acted with malice or reckless indifference to Plaintiff's federally protected right to be free from discrimination.

If Plaintiff has proved these facts, then you may award punitive damages, unless Defendant proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether the individual(s) were supervisors or managers for Defendant, you should consider the type of authority the individual(s) had over Plaintiff

19

and the type of authority for employment decisions Defendant authorized the individual(s) to make.

An action is in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti-discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant acted with malice or reckless indifference to Plaintiff's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff is entitled to receive, you may, but are not required to, award Plaintiff an additional amount as punitive damages for the purposes of punishing the Defendant for engaging in such wrongful conduct and deterring Defendant and others from engaging in such conduct in the future. You should presume that Plaintiff has been made whole for her injuries by any actual damages you have awarded.

20

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant's conduct was. You may consider whether the harm Plaintiff suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's conduct that harmed Plaintiff also posed a risk of harm to others; and whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff.

2. How much harm Defendant's wrongful conduct caused Plaintiff and could cause her in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant's financial condition, to punish Defendant for its conduct toward Plaintiff and to deter Defendant and others from similar wrongful conduct in the future.

4. The amount of fines and civil penalties applicable to similar conduct.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff.

21

## ADEA DISCRIMINATION—DISPARATE TREATMENT

Plaintiff Janice Williams claims that she would not have been terminated from employment but for her age.

Defendant MMO Behavioral Health Systems, LLC denies Plaintiff's claims and contends that she was terminated because of workplace misconduct.

It is unlawful for an employer to discriminate against an employee because of the employee's age.

To prove unlawful discrimination under the ADEA, Plaintiff must prove by a preponderance of the evidence that:

1. Defendant was Plaintiff's employer;

2. Plaintiff's employment was terminated;

3. Plaintiff was 40 years or older when her employment was terminated; and

4. Defendant would not have terminated Plaintiff's employment but for her age.

Plaintiff must prove that, in the absence of—but for—her age, Defendant would not have decided to terminate her employment. Such proof can be made by evidence that Plaintiff was replaced by someone younger, or by any other competent evidence showing that Plaintiff was discharged because of her age.

If you find that Defendant's stated reason for terminating Plaintiff's employment is not the real reason but is a pretext for age discrimination, you may, but are not

required to, find that Defendant would not have decided to terminate Plaintiff's employment but for her age.

As I told you earlier, Plaintiff and Defendant agree that at the time of Plaintiff's termination, she was over the age of 40.

## ADEA DISCRIMINATION—DAMAGES

If you found that Defendant MMO Behavioral Health Systems, LLC violated the ADEA, then you must determine whether it has caused Plaintiff Janice Williams damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: the amounts the evidence shows Plaintiff would have earned had she remained an employee of Defendant to the date of your verdict, including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, that Defendant proves by a preponderance of the evidence Plaintiff received in the interim.

Plaintiff asserts that Defendant's alleged age discrimination was willful. Defendant denies that claim. If you find that Defendant would not have terminated Plaintiff's employment but for her age, then you must also determine whether Defendant's action was willful. To establish willfulness, Plaintiff must also prove that,

24

when Defendant terminated Plaintiff's employment, Defendant either (a) knew that its

conduct violated the ADEA, or (b) acted with reckless disregard for whether its conduct

complied with the ADEA.

25

## DEFAMATION

Plaintiff Janice Williams claims that Defendant's representative(s) made defamatory statements to the Louisiana Workforce Commission and others when Defendant claimed that Plaintiff falsified her time card and hours that she worked. Defendant MMO Behavioral Health Systems, LLC denies Plaintiff's claims.

It is unlawful to make false statements about a person that violates the person's interest in her reputation and good name.

To maintain an action for defamation, Plaintiff must prove by a preponderance of the evidence that:

1.  Defendant said or wrote defamatory words about Plaintiff;

2.  The words were communicated to someone other than Plaintiff;

3.  The words were false;

4.  The Defendant was at fault, meaning Defendant said or wrote the words when it knew or should have known that the words were false; and

5.  Plaintiff was actually harmed by the defamation.

Something said or written is defamatory if it tends to harm the reputation of someone in the community or tends to hold him up to contempt, hatred, ridicule or disgrace.

To prove defamatory words, Plaintiff must show that the words were either (a) defamatory per se or (b) susceptible of a defamatory meaning. Words that expressly or

26

implicitly accuse a person of criminal conduct, or that by the very nature of the words tend to injure a person's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances, are defamatory per se. To prove that words are susceptible of a defamatory meaning, Plaintiff must show that a listener could have reasonably understood that the communication of the words, taken in context, was intended by the Defendant in a defamatory sense.

If Plaintiff does not prove that the words were defamatory per se, but proves that the words were susceptible of a defamatory meaning, Plaintiff must prove that the words were false, that Defendant was at fault, and that Plaintiff suffered injury as a result. If, however, Plaintiff proves that the words were defamatory per se, you should presume that the words were false and that Defendant was at fault. Additionally, if Plaintiff proves that the words were defamatory per se, you may presume that Plaintiff suffered injury or harm as a result. Even if falsity of the words, Defendant's fault, or Plaintiff's injury or harm is presumed, Defendant may defeat that presumption by evidence proving that, in fact, the words were not false, Defendant was not at fault, or Plaintiff did not suffer injury or harm as a result of the words.

For purposes of defamation, fault is a lack of reasonable belief in the truth of the defamatory statement. To prove fault, Plaintiff need not prove that Defendant made the defamatory statement out of spite or improper motive.

27

To prove that the defamatory statement caused her harm or injury, Plaintiff must show that the statement was a substantial factor in causing harm or injury to Plaintiff. The harm or injury may consist of monetary or special damages such as loss of income. The harm or injury may include nonmonetary or general damages such as injury to reputation, personal humiliation, embarrassment, inconvenience, loss of enjoyment of life, mental anguish, or emotional distress, even when no special damage such as loss of income is claimed.

If Plaintiff proves each of the elements of her defamation claim, you should not award damages if Defendant proves by a preponderance of the evidence that the defamatory statement was true, or that the statement was privileged.

If the defamatory statement was made to a state agency such as the Louisiana Workforce Commission, the statement is subject to a qualified privilege. If the statement is subject to such a qualified privilege, for Plaintiff to prove Defendant's liability, Plaintiff must prove by a preponderance of the evidence that Defendant abused the privilege. Abuse of privilege is shown if Defendant made the statement with knowledge that it was false or with reckless disregard for the truth. To establish reckless disregard for the truth, Plaintiff must prove that the statement was deliberately falsified, that the statement was published despite Defendant's awareness of probable falsity, or that Defendant in fact entertained serious doubts as to the truth of the statement.

28

## USE OF NOTES TAKEN BY JURORS

In closing, I want to give you a few more general instructions, ladies and gentlemen.  Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

29

## **DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after a full and impartial consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Upon returning to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A verdict form has been prepared for your convenience.

### **[Explain verdict form]**

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your

30

unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

After you have reached a verdict, you are not required to talk with anyone about the case. You may now retire to the jury room to conduct your deliberations.